JOHNSON, Justice
dissents and assigns reasons.
|,In my view, the unprovoked flight, alone, does not provide reasonable suspicion for an investigatory stop and frisk. State v. Morgan, 09-0904 (9/29/09) (citing State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988). Flight must be combined with some other suspicious activity, and the arresting officer must be able to articulate what the other suspicious factors are to justify a stop and frisk. Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). “The totality of the circumstances, as always, must dictate the result.” Wardlow, 528 U.S. at 136, 120 S.Ct. at 682. Among some citizens, particularly minorities residing in high crime areas, any sudden appearance of a police vehicle suggests crime activity. Many law abiding citizens would want to avoid a crime scene at “any” cost.
In Illinois v. Wardlow, the Court declined to adopt a per se rule proposed either by the state, i.e., that flight alone in response to police presence always provides reasonable suspicion for a stop, or by the defendant; that flight alone never provides reasonable suspicion, the analysis here, as elsewhere in the realm of the Fourth Amendment, turns on an assessment of the totality of the circumstances, aligned as they may be between two poles fixed by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968): “the Fourth Amendment requires at least a minimal level of ^objective justification for making the stop ... [but] [t]he officer must be able to articulate more than an ‘incohate and unparticularized suspicion or “hunch” ’ of criminal activity.” Wardlow, 528 U.S. at 123-24, 120 S.Ct. at 675-76 (citing United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989))(in-ternal quotation marks and citation omitted) and quoting Terry, 392 U.S. at 27, 88 S.Ct. at 1883.